Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| PIM SHIH,<br><br>        Plaintiff,<br><br>v.<br><br>MASELLI, MILLS & FORNAL, P.C.,<br><br>        Defendant. | Civil Action No.: 24-6300 (ES) (MAH)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Before the Court is defendant Maselli, Mills & Fornal, P.C.'s ("Defendant") motion to dismiss (D.E. No. 7 ("Motion" or "Mot.")) *pro se* plaintiff Pim Shih's ("Plaintiff") complaint (D.E. No. 1 ("Complaint" or "Compl.")). Plaintiff filed an opposition (D.E. No. 9 ("Opp. Br.")), and Defendant filed a reply (D.E. No. 11 ("Reply Br.")). Having considered the parties' submissions, the Court decides the motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendant's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

    **A.    Factual Background**[1]

Plaintiff is an individual who resides in West New York, New Jersey, and is also a plaintiff in a separate action in this district, *Shih v. United Counties Economic Development Corporation*, No. 23-22036 (D.N.J.) (the "UCEDC Action"). (Compl. at 2–3[2] & Ex. A). Defendant is a law

---

[1]    The factual background is taken from the allegations in the Complaint. For purposes of the instant Motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2]    Because Plaintiff does not use consecutively numbered paragraphs in his Complaint (*see* Compl.), the Court cites to the page numbers automatically generated by the Court's CM/ECF system when citing to the Complaint herein.

firm located in Princeton, New Jersey and represents defendant United Counties Economic Development Corporation ("UCEDC") in the UCEDC Action. (*Id.* at 2–3 & Ex. A). In connection with the UCEDC Action, on May 15, 2024, Defendant sent a letter to Plaintiff containing a "Safe Harbor Notice" submitted pursuant to Federal Rule of Civil Procedure 11 (the "Rule 11 Notice").[3] (*Id.* at 3; *see also id.* at Ex. A). The Rule 11 Notice stated that if Plaintiff failed to either dismiss his amended complaint in the UCEDC Action against Defendant's client (who is not a party to the instant action) or cure the deficiencies in that amended complaint, then Defendant would file a motion for sanctions against Plaintiff, pursuant to Federal Rule of Civil Procedure 11. (*Id*. at 3). The Rule 11 Notice further stated, among other things, that Plaintiff's "actions demonstrate that that [he] did not file [the UCEDC] action for a proper purpose and instead [is] baiting and fishing entities to allege fabricated discriminatory conduct in violation" of Rule 11. (*Id.* at 4).

Plaintiff alleges the threatening Rule 11 Notice was sent to him directly rather than filed in federal court to harass and intimidate him and that this (i) violated his "right 'to petition the Government for a redress of grievances'" under the First Amendment to the United States Constitution, (ii) violated "18 U.S.C. § 241 (Conspiracy Against Rights)," (iii) violated Rule 8.4 of the New Jersey Rules of Professional Conduct, and (iv) constituted intentional infliction of emotional distress ("IIED"). (*See generally* Compl.). Specifically, Plaintiff alleges the Rule 11 Notice threatened his protected First Amendment rights and caused him "much grief, harm and emotional distress, and an inability to financially provide from [*sic*] himself." (*Id.* at 7–8). According to Plaintiff, Defendant also understands his financial situation and "know[s] Plaintiff is Asian American (a protected class) and [a] believer [in] Jesus Christ The Lord." (*Id.* at 10).

---

[3] Plaintiff attached the Rule 11 Notice as Exhibit A to his Complaint. (*See* D.E. No. 1-2 at 1–3). Plaintiff also attached as Exhibit B to his Complaint what appears to be a copy of Defendant's brief in support of its motion for sanctions in accordance with Federal Rule of Civil Procedure 11. (*See id.* at 4–29).

**B.    Procedural History**

On May 21, 2024, Plaintiff filed a Complaint asserting four causes of action against Defendant: (i) an alleged violation of his right to petition the Government for a redress of grievances under the First Amendment to the United States Constitution (Count I); (ii) an alleged violation of 18 U.S.C. § 241 (Count II); (iii) an alleged violation of Rule 8.4 of the New Jersey Rules of Professional Conduct (Count III); and (iv) alleged IIED (Count IV). (*See generally* Compl.).

On July 1, 2024, Defendant filed a motion to dismiss Plaintiff's Complaint. (*See* Mot.; D.E. No. 7-3 ("Mov. Br.")). On July 3, 2024, Plaintiff filed an opposition to Defendant's Motion. (Opp. Br.). On July 29, 2024, Defendant filed a reply in further support of its Motion. (Reply Br.). The Motion is fully briefed.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth a "short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought, which may include relief in the alternative or different types of relief." The pleading standard announced by Rule 8 does not require detailed factual allegations; it does, however, demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). In addition, the plaintiff's short and plain statement of the claim must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (alteration in original) (citation omitted).

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

3

on its face.'" *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 570). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (internal citation omitted).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Moreover, "[when] deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached [thereto], matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (internal citation omitted). Furthermore, in ruling on the present motion, the Court "must construe [Plaintiff's] complaint liberally because he is proceeding pro se." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

### III. DISCUSSION

Defendant first argues all of Plaintiff's claims in the Complaint are barred by New Jersey's litigation privilege because all of Plaintiff's claims stem from his receipt of the Rule 11 Notice, which Defendant sent to Plaintiff in the course of litigation, and specifically in connection with the UCEDC Action. (*See* Mov. Br. at 2–3). Defendant alternatively contends that Plaintiff fails

4

to state a claim in his Complaint because (i) Plaintiff did not allege that Defendant is a state actor, nor did Plaintiff set forth any facts in his Complaint that would establish Defendant is a state actor, and thus Plaintiff fails to state a claim for an alleged violation of the First Amendment; (ii) Counts II and III of the Complaint do not state a claim as a matter of law because they fail to give rise to a civil cause of action; and (iii) sending the Rule 11 Notice to Plaintiff does not constitute outrageous conduct and is insufficient to state a claim for IIED. (*Id.* at 3–5). Thus, Defendant submits that Plaintiff's Complaint should be dismissed with prejudice. (*Id.* at 5).

In opposition, Plaintiff first contends that the litigation privilege "does not apply to communications related to a conspiracy to hide [] the intent of harassment and intimidation" and cites to *Loigman v. Twp. Comm. of Middletown*, 889 A.2d 426 (N.J. 2006), and *Williams v. BASF Catalysts LLC*, 765 F.3d 306 (3d Cir. 2014), in support of that argument. (Opp. Br. at 5–8). Second, Plaintiff asserts he sufficiently stated causes of action for a violation of his First Amendment right to petition the Government for a redress of grievances, a violation of 18 U.S.C. § 241, a violation of New Jersey Rule of Professional Conduct 8.4, and IIED. (Opp. Br. at 8–19). Thus, Plaintiff submits the Court should deny Defendant's Motion. (*Id.* at 19).

In reply, Defendant rebuts the cases Plaintiff cited in his opposition brief as inapplicable to the facts alleged in the Complaint and/or inapposite to his arguments in opposition to Defendant's Motion and reiterates that its Motion should be granted. (Reply Br. at 1–2).

### A.  Litigation Privilege

The Court first addresses whether Plaintiff's claims are barred by the litigation privilege. "The New Jersey litigation privilege ensures that '[s]tatements by attorneys, parties and their representatives made in the course of judicial or quasi-judicial proceedings are absolutely privileged and immune from liability.'" *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F. Supp.

5

2d 509, 523 (D.N.J. 2012) (quoting *Peterson v. Ballard*, 679 A.2d 657, 659 (N.J. Super. Ct. App. Div. 1996)). "[T]he litigation privilege is well-established and broadly applicable." *Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009). "Statements made by lawyers, judges, witnesses, and parties fall within the privilege's absolute protection." *DeNicholas v. Centene Corp.*, No. 17-0924, 2017 WL 7542616, at *2 (D.N.J. Oct. 20, 2017). The rationale behind this privilege is to provide parties in such proceedings with "unfettered expression critical to advancing the underlying government interest at stake in those settings." *Erickson v. Marsh & McLennan Co.*, 569 A.2d 793, 805 (N.J. 1990).

This "absolute litigation privilege applies to communications '(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.'" *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 F. App'x 432, 433 (3d Cir. 2011) (quoting *Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995)). "The privilege is not limited to statements made at trial; 'it extends to all statements or communications in connection with the judicial proceeding.'" *Baglini v. Lauletta*, 768 A.2d 825, 833 (N.J. Super. Ct. App. Div. 2001) (citation omitted). It also "applies 'even if the words are spoken maliciously, without any justification or excuse, and from personal ill will or anger.'" *Alexander v. Hackensack Meridian Health*, No. 19-18287, 2020 WL 5810526, at *5 (D.N.J. Sept. 30, 2020) (quoting *Williams v. Kenney*, 877 A.2d 277, 287 (N.J. Super. Ct. App. Div. 2005)). "[T]he application of the litigation privilege is a question of law which may be determined at the motion to dismiss phase." *Burgess v. Bennet*, No. 20-7103, 2021 WL 1050313, at *6 (D.N.J. Mar. 19, 2021); *see also Rickenbach v. Wells Fargo Bank, N.A.*, 635 F. Supp. 2d 389, 401 (D.N.J. 2009).

Here, the Court agrees with Defendant and finds that the litigation privilege applies because

6

the Rule 11 Notice was sent in connection with the UCEDC Action, i.e., a judicial or quasi-judicial proceeding; by Defendant as counsel to a party in that proceeding; to achieve the objects of the litigation; and went sent in connection with the UCEDC Action.  Thus, all of Plaintiff's claims against Defendant are barred by the litigation privilege because all of Plaintiff's claims in the Complaint stem from Plaintiff's receipt of the Rule 11 Notice, which falls under that privilege. *See Loigman*, 889 A.2d at 436 (stating "the litigation privilege protects attorneys not only from defamation actions, but also from a host of other tort-related claims," and also applies to § 1983 claims).

Therefore, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES** Plaintiff's Complaint.  *See DeNicholas v. Centene Corp.*, No. 17-0924, 2017 WL 7542616, at *3 (D.N.J. Oct. 20, 2017) (granting defendants' motion to dismiss where plaintiff's alleged tortious interference claims were based on a pre-litigation letter that threatened litigation against plaintiff's new employer for employing him in violation of the plaintiff's agreement with defendants, finding that the absolute litigation privilege applied to the pre-litigation letter); *Chambers v. Wells Fargo Bank, N.A.*, No. 15-6976, 2016 WL 3533998, at *8 (D.N.J. June 28, 2016), *aff'd*, 726 F. App'x 886 (3d Cir. 2018) (granting motion to dismiss a plaintiff's claims against a defendant law firm and defendant attorney, finding those claims, which stemmed from the plaintiff's receipt of a letter and motions from those defendants, as barred by New Jersey's litigation privilege); *cf. Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 132–33 (D.N.J. 1998) (ordering plaintiff to show cause why certain claims "aris[ing] out of the conduct of counsel in a case already pending in this Court" should not be dismissed pursuant to the litigation privilege).

    **B.**    **Failure to State a Claim**

In the alternative, Defendant argues Plaintiff fails to state a claim in the Complaint.  (Mov.

Br. at 3–5). The Court agrees. Even assuming, *arguendo*, that the litigation privilege did not apply to Plaintiff's claims stemming from receiving the Rule 11 Notice, the Complaint would be dismissed for failure to state a claim under Rule 12(b)(6).

***First***, as to Plaintiff's alleged violation of his First Amendment constitutional rights in Count I of the Complaint, Plaintiff alleges that Defendant violated his First Amendment right to petition the Government for a redress of grievances by sending him the Rule 11 Notice. (Compl. at 2, 5 & 7). This alleged constitutional violation is actionable pursuant to 42 U.S.C. § 1983. *See White v. Wireman*, No. 16-0675, 2017 WL 2215277, at *1 (M.D. Pa. May 19, 2017). A claim under § 1983 has two essential elements: (i) the conduct complained of must be "committed by a person acting under color of state law"; and (ii) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993). Whether state action exists depends on whether there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 288 (2001)).

Here, Plaintiff has failed to allege how Defendant, a private law firm, constitutes a state actor or otherwise engaged in state action necessary to bring a claim for violation of constitutional rights pursuant to § 1983. Thus, Plaintiff fails to state a claim in Count I of his Complaint. *See Bartnicki v. Scranton Sch. Dist.*, No. 21-2360, 2022 WL 4243953, at *1 (3d Cir. Sept. 15, 2022) (noting that "First Amendment claims require 'state action'"); *see also Webb v. GDWG L. Firm*, No. 20-1394, 2021 WL 2856605, at *2 (D. Del. July 8, 2021) (finding a plaintiff's § 1983 claim failed as a matter of law because the named defendants were a private law firm and one of its attorneys, neither of which are state actors for purposes of § 1983, and further finding that the

plaintiff's allegations were conclusory and did "not give rise to a plausible inference that Defendants, a law firm and a private attorney, acted under color of state law or conspired with state actors to deny [p]laintiff his constitutional rights").

*Second*, as to Plaintiff's alleged violation of 18 U.S.C. § 241 in Count II of the Complaint, that statute is a criminal statute and does not give rise to a civil cause of action. "Courts have time and time again found that criminal statutes do not create private causes of action." *Graf v. Iora*, No. 23-1375, 2023 WL 7031544, at *3 (M.D. Pa. Sept. 20, 2023) (citing cases); *see also Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818, 823 (E.D. Pa. 2001) (dismissing with prejudice a private action for a violation of 18 U.S.C. § 241 on the basis that the statute does not give rise to a civil cause of action). Thus, Plaintiff also fails to state a claim in Count II of his Complaint.

*Third*, as to Plaintiff's alleged violation of Rule 8.4 of the New Jersey Rules of Professional Conduct in Count III of the Complaint, "a violation of the Rules of Professional Conduct does not alone give rise to a civil cause of action for damages." *Gross v. Maitlin*, No. 11-4998, 2012 WL 6043274, at *5 (D.N.J. Dec. 3, 2012) (citing cases). Indeed, Plaintiff has not cited to any case or other legal authority indicating that bringing a claim for a violation of the New Jersey Rules of Professional Conduct is proper or appropriate in this Court. Rather, "[i]f Plaintiff believes that Defendant's conduct violated any Rules of Professional Conduct, such matters are more appropriately directed to the Office of Attorney Ethics." *Gross*, 2012 WL 6043274, at *5. Accordingly, Plaintiff similarly fails to state a claim in Count III of the Complaint.

*Fourth*, and finally, as to Plaintiff's alleged IIED claim, Plaintiff conclusorily alleges that Defendant's "writing of letters not submitted into the court, threatening Plaintiff to pay for penalties and legal costs, and threatening to send Motions and letters not related to any complaints with no Legal standing, constitutes" IIED. (Compl. at 12). "To allege a viable claim for intentional

infliction of emotional distress, a plaintiff must assert facts supporting the four requisite elements of the cause of action." *Dalnoky v. Pinelands Reg'l Sch. Dist.*, No. A-0396-22, 2023 WL 7485533, at *8 (N.J. Super. Ct. App. Div. Nov. 13, 2023) (citations omitted). The plaintiff must allege (i) "that the defendant acted intentionally or recklessly"; (ii) "[t]he conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'"; (iii) "the defendant's actions must have been the proximate cause of the plaintiff's emotional distress"; and (iv) "the emotional distress suffered by the plaintiff must be 'so severe that no reasonable man could be expected to endure it.'" *Id.* (citations omitted). "[L]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Taylor v. Metzger*, 706 A.2d 685, 694 (1998) (quoting *49 Prospect St. Tenants Ass'n v. Sheva Gardens, Inc.*, 547 A.2d 1134 (N.J. Super. Ct. App. Div. 1988)). Here, Defendant's sending Plaintiff the Rule 11 Notice does not constitute "extreme and outrageous" conduct "as to go beyond all possible bounds of decency." Thus, Plaintiff likewise fails to state a claim in Count IV of the Complaint.

Therefore, even if the Rule 11 Notice was not covered under the litigation privilege, Plaintiff's Complaint would still be dismissed for failure to state a claim under Rule 12(b)(6).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** *with prejudice*. An appropriate Order follows.

**Dated: March 31, 2025**                      */s Esther Salas*
                                               **Esther Salas, U.S.D.J.**